IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

| HAROLD V. CALDWELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:11CV1146 |
| DAVID GLENN CALLICUT, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The matter is before the Court on David Callicut's ("Defendant") motion to dismiss for failure to state a claim. (Docket Entry 21.) Harold Caldwell ("Plaintiff") has not filed a response in opposition to Defendant's Motion. For the following reasons, it is recommended that Defendant's motion to dismiss be granted.

## I. Background

On July 6, 2011, Plaintiff was detained and questioned by Defendant and other officers on suspicion of shoplifting. (*See* Am. Compl., Docket Entry 5.) In his Amended Complaint, filed on February 28, 2012, Plaintiff alleges that he was "unlawfully violated." (*Id.* at 2.) Further, Plaintiff alleges that Defendant used "excessive force" and "asked questions . . . without reading the Plaintiff Miranda Rights." (*Id.*) Plaintiff complains of "being humiliated and embarrassed" while being "held for 25 to 35 minutes." (*Id.*) Plaintiff alleges that he was allowed to leave at that time, but Defendant later took out "an order of arrest [for] the Plaintiff" and that since August 14, 2011, he has been incarcerated "beyond [his] will." (*Id.*) As of the filing date of his amended complaint, Plaintiff further alleges

"issues about [his] mail," and that the jail is "doing a lot [of] illegal procedures." (*Id.* at 4.) Based upon these allegations, it is difficult to discern what claims the Plaintiff is attempting to assert. In the broadest sense, as pointed out by Defendant, it appears that Plaintiff is alleging that Defendant "unlawfully detained and questioned Plaintiff pursuant to an investigatory stop, warranting claims under 42 U.S.C. § 1983 for illegal search and seizure, violation of Plaintiff's Miranda rights, unlawful arrest and excessive force." (Def.'s Br. Supp. Mot. to Dismiss at 6, Docket Entry 22.)

On May 1, 2013, Defendant filed a motion to dismiss, arguing that Plaintiff's claims are without merit, and should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entries 21, 22.) Among other arguments, Defendant contends that "Plaintiff's Amended Complaint fails to state a plausible claim against Defendant Callicut." (Def.'s Mot. to Dismiss at 1, Docket Entry 21.) On May 9, 2012, a "Roseboro Letter"[1] was sent to Plaintiff at the address on file with the Court (Cabarrus County Jail), informing Plaintiff that a dispositive motion has been filed and advising him of the consequences of failing to respond. (Docket Entry 24.)

In support of his motion to dismiss, Defendant attached to his brief the warrant for arrest, notice of return of bill of indictment, indictment, and the plea transcript in the underlying criminal proceeding. (*See* Def.'s Br., Ex. A, Docket Entry 22-1.) These documents indicate that Plaintiff was detained and questioned on suspicion of shoplifting – a suspicion that was allegedly confirmed when Plaintiff plead guilty on March 26, 2013 to the state criminal charge of obtaining property by false pretense. (Docket Entry 22, 22-1.)

---

[1] A notice sent pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) advises a *pro se* plaintiff of his right to file responses to dispositive motions filed by defendants.

2

Plaintiff was sentenced to a minimum of 15 months and a maximum of 18 months, with credit given for 592 days spent in confinement prior to the judgment. (*See* Judgment and Commitment, Ex. A at 8-9, Docket Entry 22-1.)

Plaintiff has offered no evidence or response in opposition to the motion for dismissal. The *Roseboro* letter sent to Plaintiff by the Clerk of Court was returned by the Cabarrus County Jail, with a notation indicating the Plaintiff was no longer at the Cabarrus County Jail and no forwarding information was provided. (*See* Docket Entry dated May 21, 2013.)[2]

## II. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the factual allegations must "be enough to raise a right to relief above the speculative level." *Id.* at 555. "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570). As explained by the United States Supreme Court:

---

[2] On March 13, 2014, the undersigned entered a Recommendation that Defendant's motion to dismiss be granted. (Docket Entry 25.) Plaintiff subsequently sought an extension to file a response to Defendant's motion which the Court granted. (Docket Entry 29.) Per Text Order entered May 9, 2014, the undersigned's recommendation was rescinded to allow Plaintiff additional time until June 15, 2014 to oppose Defendant's motion. To date, Plaintiff has not filed a response.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

A 12(b)(6) motion tests the sufficiency of a complaint and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Accordingly, a court should "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts. Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the truth of the facts alleged is assumed, courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* While courts construe *pro se* complaints liberally, a court should not fashion Plaintiff's arguments for him. *See Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Likewise, a court should not "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8 does not, however,

4

unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Fair notice is provided by setting forth enough facts for the complaint to be "plausible on its face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact.")  *Id.* at 555 (internal citations omitted). "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). In addition, *pro se* complaints are to be liberally construed in assessing sufficiency under the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this liberal construction, "generosity is not a fantasy," and the court is not expected to plead a plaintiff's claim for him. *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998). The Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). "Accordingly, pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines." *Hewitt v. Hutchins*, 309 F. Supp.2d 743, 748–49 (M.D.N.C. 2004) (internal quotations marks omitted).

### III. Analysis

Under the Local Rules of the Middle District of North Carolina, where a party fails to file a timely response to a motion, the motion will be "considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Local Rule 7.3(k); *see also Kinetic Concepts, Inc. v. ConvaTec Inc.*, No. 1:08CV918, 2010 WL 1667285, at *6–8 (M.D.N.C. Apr. 23, 2010) (unpublished) (analyzing the Court's Local Rules 7.3(f), 7.2(a), and

7.3(k) and discussing authority supporting proposition that failure to respond to argument amounts to concession). Because Plaintiff failed to file a timely response when he had ample opportunity,[3] Defendant's motion could be granted as a matter of course pursuant to Local Rule 7.3(k). Plaintiff's status as a *pro se* litigant does not excuse his inaction. Even though Defendant's motion could be granted on this ground alone, the Court will consider the merits of the Plaintiff's complaint.

Despite a liberal construction given to Plaintiff's *pro se* amended complaint, it simply fails to adequately state a claim upon which relief can be granted, and should be dismissed pursuant to Rule 12(b)(6).[4] Plaintiff fails to state what specific actions Defendant allegedly engaged in that violated the law, nor does Plaintiff specify what laws Defendant allegedly violated. Plaintiff does not state what actions Defendant took that constituted excessive force, what facts explain why Defendant's search was unwarranted, or what questions Plaintiff was asked that violated his Miranda rights. In addition, the claims about Plaintiff's mail issues are inapplicable to the named Defendant. In all, Plaintiff's bare and conclusory assertions do not allow the Court to draw "reasonable inferences"[5] about the Defendant's liability, nor does he allege sufficient facts that would move his claim from "conceivable" to "plausible." *Twombly*, 550 U.S. at 570. Thus, dismissal is appropriate under Rule 12(b)(6).[6]

---

[3] At least a year has passed since Defendant filed his motion to dismiss. (Docket Entry 21.)
[4] *See Giarratano v. Johnson*, 521 F.3d 298, 304 n. 5 (4th Cir. 2008) (applying the *Twombly* standard to dismiss a *pro se* complaint).
[5] *Iqbal*, 556 U.S. at 678.
[6] Because the court has found that Plaintiff has failed to state a claim, it is not necessary to address Defendant's additional arguments in support of dismissal, such as judicial estoppel, qualified immunity, dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and dismissal of official capacity claim.

## IV. Conclusion

Despite Plaintiff's failure to file a response, the Court has nevertheless considered the substance of Plaintiff's complaint, and for the reasons discussed above, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss (Docket Entry 21) be **GRANTED** and Plaintiff's claims be **DISMISSED**.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
July 2, 2014